UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>STEWARD HEALTH CARE SYSTEM, LLC, et al.,<br><br>    Debtors.[1]<br><br>――――――――――――――――<br><br>Dr. Manisha Purohit, Dr. Diane Paggioli, Dr. James D. Thomas, Dr. Thomas Ross, Dr. Michael Regan, Dr. Peter Lydon, Dr. Sridhar Ganda, and Dr. A. Ana Beesen, for themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Steward Health Care System LLC, IASIS Healthcare, LLC, and Patrick Lombardo, in his role as Executive Vice President for Human Resources for Steward Heath Care System LLC; and John and Jane Does, in their roles as Committee Members and/or Management Board Members,<br><br>    Defendants. | Chapter 11<br><br>Case No. 24-90213 (CML)<br>(Jointly Administered)<br><br><br><br><br><br><br><br>4:25-mc-00461 |

**RESPONSE IN OPPOSITION TO EMERGENCY MOTION FOR ORDER SETTING
HEARING ON EMERGENCY MOTION TO STAY**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

Defendant Steward Health Care System LLC respectfully submits this opposition to Plaintiffs' Opposed Emergency Motion for an Order Setting Hearing on Emergency Motion to Stay. ("Mot.", Doc. 27.)

Plaintiffs' do not present "extremely urgent circumstances" justifying an expedited emergency hearing. *See* Procedures and Practices Rule A.4, https://www.txs.uscourts.gov/sites/txs/files/Judge%20Alfred%20H.%20Bennett%20Proc%20revised%20212023.pdf. Plaintiffs contend the Contested Matter pending before the Bankruptcy Court must be stayed "to preserve this Court's ability to rule on the Motion to Withdraw the Reference" in a separate, newly filed Adversary Proceeding. (Mot. for Stay ¶ 8, Doc. 1.) But a Bankruptcy Court ruling on the merits of the Contested Matter will not bar this Court from deciding the withdrawal motion in the Adversary Proceeding. After the Bankruptcy Court's decision in the Contested Matter, this Court may still resolve the withdrawal motion to determine whether the Adversary Proceeding belongs in the Bankruptcy Court or in this Court.

To be sure, the outcome of the Contested Matter will almost certainly control the outcome of the Adversary Proceeding. But that is only because Plaintiffs waited until the Contested Matter was on the brink of decision in the Bankruptcy Court before filing this copycat Adversary Proceeding raising the same issue. (*See id.* ¶ 23 n.4) (acknowledging that the Adversary Proceeding "has near complete overlap with the factual and legal analyses" in the Contested Matter). There is no dispute that the Bankruptcy Court has jurisdiction over the Contested Mater, where the issue was first presented. Plaintiffs seek only to withdraw the reference of the *Adversary Proceeding*, not the *Contested Matter*. (*Id.* ¶ 23 n.4.) Regardless of which Court hears the Adversary Proceeding—the sole question presented by the Motion to Withdraw the Reference—the Adversary Proceeding is a dead letter because it is a duplicative

matter raising the same question that these parties have actively litigated for months before the Bankruptcy Court in the Contested Matter, which the Bankruptcy Court is about to decide.

And time is of the essence. In the Contested Matter, the Bankruptcy Court will determine whether Debtors can access funds held in trust under Deferred Compensation Plans, money the Plan documents unequivocally state is Debtors' property. Without immediate access to those funds, there is significant risk that Debtors will be unable to continue these chapter 11 cases. (Decl. of John R. Castellano ¶¶ 6-11, Bankr. Doc. 4144-1.) That is why the Bankruptcy Court found that "the debtors would be substantially harmed" if the Contested Matter is stayed. (March 7 Bankr. Hr'g Tr. 70:4-8, Doc. 2 Ex. 8.) The true purpose of Plaintiffs' Stay Motion is not to preserve this Court's ability to decide, by ruling on the withdrawal motion, which Court will preside over the dead-on-arrival Adversary Proceeding. The Stay Motion's purpose is to stop the Bankruptcy Court from issuing a decision on the merits because Plaintiffs know delay is ruinous for Debtors. The only real emergency before this Court is Debtors' urgent need for the funds in the trust accounts, and Plaintiffs' Stay Motion is throwing grease on the fire.

As the Bankruptcy Court found, it is Debtors, not Plaintiffs, who face urgent circumstances. (*Id.* at 50:11-19; 70:5-6.) After the Bankruptcy Court's decision in the Contested Matter, this Court may still decide whether to withdraw the reference in the Adversary Proceeding. But if the Contested Matter is stayed, there is significant risk Debtors will lose the financing they need to administer these cases and confirm a Chapter 11 plan, irreparably harming the Debtors, their estates, and their stakeholders. (Decl. of John R. Castellano ¶¶ 6-11.) To derail these bankruptcy cases, all Plaintiffs need to do is delay the Contested Matter and wait. They should not be allowed to do so.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests the Court deny Plaintiffs' request to set an expedited emergency hearing this week.

Respectfully submitted,

/s/  Clifford W. Carlson

**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson
700 Louisiana Street Suite 3700
Houston, TX 77002
Telephone:  (713) 546-5248
Facsimile:  (713) 224-9511
Clifford.Carlson@weil.com

**WEIL, GOTSHAL & MANGES LLP**
Gregory Silbert (admitted *pro hac vice*)
Robert Berezin (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Greg.Silbert@weil.com
Robert.Berezin@weil.com

**WEIL, GOTSHAL & MANGES LLP**
David J. Cohen (admitted *pro hac vice*)
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159
DavidJ.Cohen@weil.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 19, 2025, a true and correct copy of the foregoing pleading was electronically served on all parties registered to receive electronic notice in this case pursuant to the Court's CM/ECF filing system.

                                                                                     */s/ Clifford W. Carlson*  
                                                                                     Clifford W. Carlson