UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>STEWARD HEALTH CARE SYSTEM, LLC, *et al.*,<br>      Debtors.[1] | Chapter 11<br><br>Case No. 24-90213 (CML)<br>(Jointly Administered) |
| Dr. Manisha Purohit, Dr. Diane Paggioli, Dr. James D. Thomas, Dr. Thomas Ross, Dr. Michael Regan, Dr. Peter Lydon, Dr. Sridhar Ganda, and Dr. A. Ana Beesen, for themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>Steward Health Care System LLC, IASIS Healthcare, LLC, and Patrick Lombardo, in his role as Executive Vice President for Human Resources for Steward Heath Care System LLC; and John and Jane Does, in their roles as Committee Members and/or Management Board Members,<br><br>      Defendants. | 4:25-mc-00461 |

**SUPPLEMENT IN SUPPORT OF EMERGENCY MOTION FOR AN
<u>ORDER STAYING HEARING ON TURNOVER MOTION</u>**

  Movants Dr. Manisha Purohit, Dr. Diane Paggioli, Dr. James Thomas, Dr. Thomas Ross,

Dr. Michael Regan, Dr. Peter Lydon, Dr. Sridhar Ganda and Dr. A. Ana Beesen, participants in and

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

beneficiaries of certain deferred compensation plans (the "**Deferred Compensation Plans**") sponsored by the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), on their own behalf and on behalf of other participants in the Deferred Compensation Plans (collectively, "**Movants**"), by and through their undersigned counsel, respectfully submit this Supplement in support of Movants' Emergency Motion for an Order Staying Hearing on Turnover Motion (the "**Motion to Stay**") and in response to Defendants' Response in Opposition to Emergency Motion for an Order Staying Hearing on Turnover Motion ("**Defendants' Response**").[2]

The Motion to Stay describes how Debtors are using the Turnover Motion for court approval to seize assets sitting in two deferred compensation trusts and that employees had set aside for their future. Motion to Stay at ¶ 15. The Motion to Stay also argues that a stay will not prejudice Debtors in part because "Debtors' chapter 11 cases are essentially liquidations." Motion to Stay ¶ 54. After hours yesterday, in Debtors' main bankruptcy case, another constituency of creditors has appeared to make precisely these two points.

Last evening, Brighton Marine, Inc. filed an Emergency Motion to, among other things, Compel Payment of Funds Held in Trust or alternatively For Conversion to Chapter 7. 24-bk-90213, ECF 4271 (Attached as Ex. A for convenience). In that motion, BMI states that "Steward thus siphoned millions of dollars earmarked to benefit veterans and military families and used that money for its own benefit." ECF 4271 ¶ 2. The motion also makes the point that the "bankruptcy process is not a tool for Steward to finance its chapter 11 cases on the backs of third parties who continue to hold up their end of the bargains" and that "[o]ther than paying an unbelievable amount

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2

of professional fees, there is no real question regarding whether Debtors' estates are sufficiently solvent to pay their post-petition obligations: They are not." ECF 4271 ¶ 47. Movant then continues on to argue that the bankruptcy cases should be converted to a chapter 7 and liquidate.

> BMI does not make this request lightly. But the consequences of Steward's failure to pay the Unpaid Invoices could not be more significant. BMI will now be responsible for paying nearly $5 million in expenses after having given Steward $5 million to pay those invoices. That is $5 million that BMI will not be able to reinvest in the Plan to offer greater benefits to more beneficiaries. And that is $5 million that will not go toward BMI's other activities on behalf of America's veterans, including taking homeless veterans off the streets and providing social services and other support to veterans and their families in the Boston area. See Cloud Decl. ¶¶ 22- 23. America's veterans deserve better. If the Steward estate is administratively insolvent such that it cannot pay these invoices, the only fair option for America's veterans, for BMI, and for Steward's other creditors is to convert the case to chapter 7 and appoint a chapter 7 trustee for these estates to start taking steps to undo the damage caused by the debtors-in-possession.
>
> Therefore, as an alternative to the other relief requested herein, BMI asserts that there is cause to convert the chapter 11 cases to chapter 7 cases.

ECF 4271 ¶¶ 49-50.

All of this is to say other classes of creditors are complaining about the exact same treatment as Movants here, and Debtors will not be harmed if this Court grants Movants' Motion to Stay. On the contrary, it is Movants who will be irreparably harmed by the misappropriation of their assets inasmuch as once these assets are distributed to pay estate professionals and administrative creditors, Movants' retirement monies are irretrievably gone.

Dated: March 21, 2025

/s/ Allan B. Diamond
Allan B. Diamond, Esq.
Christopher D. Johnson, Esq.
Brian R. Hogue, Esq.
**DIAMOND MCCARTHY, LLP**
909 Fannin Street, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
Email: allan.diamond@diamondmccarthy.com
       chris.johnson@diamondmccarthy.com
       brian.hogue@diamondmccarthy.com

Robert J. Keach, Esq., *admitted pro hac vice*
Lindsay K. Milne, Esq.
**BERNSTEIN, SHUR, SAWYER & NELSON**
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
Email: rkeach@bernsteinshur.com
       lmilne@bernsteinshur.com

*Counsel for the Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, a true and correct copy of the foregoing pleadings was served by email to all parties registered to receive electronic notice in this case pursuant to the Court's CM/ECF filing system.

/s/ Allan B. Diamond
Allan B. Diamond