United States District Court
Southern District of Texas
**ENTERED**
March 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. A. ANA BEESEN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | MISCELLANEOUS ACTION NO. |
| VS. | § | 4:25-MC-00461 |
| | § | |
| STEWARD HEALTH CARE SYSTEM | § | |
| LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiffs Dr. A. Ana Beesen, Dr. Diane Paggioli, Dr. James Thomas, Dr. Thomas Ross, Dr. Michael Regan, Dr. Peter Lydon, Dr. Sridhar Ganda, and Dr. Manisha Purohit's (collectively, the "Plaintiffs") Emergency Motion to Stay Bankruptcy Hearing on Turnover Motion (the "Emergency Motion to Stay") (Doc. #1), Defendant Steward Health Care System LLC's (the "Defendant") Response (Doc. #34), and Plaintiffs' Reply (Doc. #37). The Court heard oral arguments on the Motion to Stay on March 21, 2025. Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion to Stay.

This matter arises from Bankruptcy Case No. 24-90213 pending before Judge Christopher M. Lopez (the "Bankruptcy Case"). At issue is whether funds held in trust under Deferred Compensation Plans belong to the Debtors or to Plan participants. Doc. #1 at 4; Doc. #34 at 2. A turnover hearing to resolve this issue is currently scheduled for March 26, 2025, before Judge Lopez. Doc. #1 at 3. On March 3, 2025, Plaintiffs initiated Adversary Proceeding No. 25-3066 (the "Adversary Proceeding") by filing a Class Action Complaint and Motion to Withdraw the Reference (the "Motion to Withdraw"). *Id.* at 6–7. The Motion to Withdraw is not yet ripe, and

Judge Lopez has not issued a Report and Recommendation on the withdrawal request.

After filing the Motion to Withdraw, Plaintiffs requested that Judge Lopez stay the March 26 turnover hearing.  Doc. #1 at 3.  Plaintiffs argued that Judge Lopez should not rule on the turnover issues until after a district court decides whether to withdraw the bankruptcy reference.  *Id.*  Judge Lopez denied that request on March 7, 2025.  *Id.*  On March 13, 2025, Plaintiffs filed the instant Emergency Motion to Stay, asking this Court to intervene and stay the March 26 hearing.  Doc. #1.

"Stays of bankruptcy proceedings pending the determination of motions for withdrawal are authorized by Bankr.R. 5011(c)."  *Matter of Lieb*, 915 F.2d 180, 185 (5th Cir. 1990).  The Court considers four factors when deciding whether to issue such a stay: (1) whether the stay applicant has made a strong showing that they are likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties in the proceeding; and (4) where the public interest lies.  *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987).  The Court finds that none of the factors weigh in favor of granting a stay.

Initially, Plaintiffs have not demonstrated that their Motion to Withdraw is likely to succeed on the merits.  "[T]he movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.*"  In re First South Savings Ass'n*, 820 F.2d at 704 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).  Here, Plaintiffs have not made the requisite showing.  In fact, the Motion to Withdraw has not even been fully briefed in the Adversary Proceeding.  As a result, the Court is unable to assess the likelihood of its success on the merits with any certainty.

2

Second, Plaintiffs also fail to establish that they will suffer irreparable harm absent a stay. The mere fact that Judge Lopez is proceeding with a hearing on a turnover motion does not amount to irreparable injury.  Plaintiffs may seek appropriate relief following the hearing, including a review of any resulting order.  Third, whether a stay will harm the non-moving parties also militates against the issuance of a stay.  Defendants have raised credible concerns that a delay in the turnover proceedings may jeopardize critical financing and will interfere with efforts to confirm a Chapter 11 Plan.  Doc. #34 at 18–19.

Fourth, and finally, Plaintiffs have not convinced the Court that a stay serves the public interest.  Judge Lopez has presided over the proceedings and is deeply familiar with the factual and procedural complexities of the case.  Preventing a bankruptcy court from adjudicating a matter within its jurisdiction would undermine judicial efficiency and does not serve the public interest. In sum, Plaintiffs have failed to meet their burden under the applicable four-factor test.  Therefore, the Court concludes that a stay is not warranted.

For the foregoing reasons, the Motion to Stay is hereby DENIED.  Doc. #1.  Further, all pending Motions in this matter are DENIED as MOOT.

It is so ORDERED.

MAR 2 4 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

3